```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JEFFREY L. DINSMORE,             :
                                 :    NO. 1:08-CV-00422
        Plaintiff,               :
                                 :
   v.                            :
                                 :    **OPINION AND ORDER**
                                 :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
        Defendant.               :


This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that the ALJ's finding be reversed and remanded (doc. 10). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

Plaintiff applied for Disability Insurance Benefits ("DIB") in January 2003 (Id.). This application was denied initially and on reconsideration (Id.). Plaintiff requested de novo hearings before the ALJ which were held in October and December 2005, and in February 2006, the ALJ denied Plaintiff's application (Id.). The Appeals Counsel denied review in April 2008, making the ALJ's decision Defendant's final determination (Id.).

The Magistrate Judge thoroughly reviewed the factual and procedural background of this matter, as well as the medical

evidence in the Report and Recommendation, and the Court incorporates that recitation here (Id.). On appeal, Plaintiff argues that the ALJ erred by basing Plaintiff's residual functional capacity assessment ("RFC") on the opinions of an examining psychiatrist and a record-reviewing psychologist, rather than the opinion of a treating physician (Id.). Plaintiff further argues that the ALJ's finding that the jobs identified by Dr. Parsons were consistent with the Dictionary of Occupational Titles was made without testimony or judicial notice (Id.).

**II. Standard of Review**

Judicial review of the Commissioner's decision, as reflected in the decisions of the Social Security Administrations's Commissioner, ALJ and Appeals Council, is limited to whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the Commissioner's factual findings. See 42 U.S.C. § 405(g); Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (citation omitted). Accordingly, the Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan

v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir. 1986).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). It is for the Commissioner to resolve conflicts in the evidence and to decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). Credibility determinations, however, may be disturbed when the Court is presented with a compelling reason. Smith v. Halter, 2002 Fed. App. 0348P (6th Cir. 2002).

The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts." Id. (citation omitted). If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Kirk, 667 F.2d at 535.

**III. Discussion**

The Magistrate Judge, after acknowledging the "substantial evidence" standard, concluded that this matter should

-3-

be remanded to the ALJ pursuant to Section Four of 42 U.S.C. § 405(g) (doc. 10).  The Magistrate Judge concluded that the ALJ's reason for not affording Plaintiff's treating physician's opinion controlling or great weight was unfounded (Id.).  The Magistrate Judge noted that Dr. Fallat, the treating physician, was the only doctor to give a concrete opinion on what is the real issue in this case, whether Plaintiff is able to sustain a job if he were to find gainful employment (Id.).  Contrary to the ALJ's opinion that the non-treating physicians were entitled to greater weight because they are "well supported by the overall objective evidence," the Magistrate Judge found that "[i]n light of all the evidence, one could say that Dr. Fallat's opinion that Plaintiff had a poor ability to interact with superiors was better supported than any opposing view" (Id.).  The Magistrate Judge found that the ALJ left unresolved the question of whether Plaintiff is capable of sustaining employment long enough to constitute gainful activity as defined by the Social Security Administration and relevant case law (Id.).  Therefore, the Magistrate Judge recommended remand for further consideration of whether Plaintiff retains the RFC to engage in significant gainful activity for a substantial period of time sufficient to support a conclusion that Plaintiff can perform a significant number of jobs in the regional economy and is therefore not disabled under the Act (Id.).

Further, the Magistrate Judge found Plaintiff's second

assignment of error to be without merit (Id.). The Magistrate Judge concluded that "in the absence of cross-examination concessions or other opposing direct evidence...the ALJ was justified in concluding that the numbers cited by Dr. Parsons were consistent with the Dictionary of Occupational titles" (Id.).

The Court, having fully reviewed this matter, finds the Report and Recommendation well-reasoned, thorough, and correct. The ALJ's findings are not supported by substantial evidence and therefore, this matter must be remanded pursuant to Section Four of 42 U.S.C. § 405(g).

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

**IV. Conclusion**

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 10), and thereby REVERSES the ALJ's finding and REMANDS this matter pursuant to Section Four of

42 U.S.C. § 405(g) to the ALJ for further proceedings consistent with this Order.

SO ORDERED.

Dated: July 14, 2009          /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge